IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01390-PSF-CBS

JAMES RICHARDSON,
    Applicant,
v.

H. A. RIOS, JR., Warden,
    Respondent.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (file-stamped July 28, 2006) (doc. # 6). Pursuant to the October 26, 2006 General Order of Reference (doc. # 13), this case was referred to the Magistrate Judge to "[h]ear and determine any pretrial matter" and to "[c]onduct hearings...and submit proposed findings of facts and recommendations for rulings on dispositive motions." The court has reviewed the Petition, Petitioner's Memorandum of Points and Facts in Support of 28 U.S.C. § 2241 Habeas Corpus Petition ("Petitioner's Memorandum") (doc. # 4), Respondent's Response to the Order to Show Cause Regarding Petition Pursuant to 28 U.S.C. § 2241 ("Answer") (filed November 21, 2006) (doc. # 19), "Applicant['s] Response to Respondent['s] Response" ("Traverse") (file-stamped December 14, 2006) (doc. # 20), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.    Exhaustion

    As a preliminary matter, Respondent concedes that Richardson has exhausted all requisite administrative remedies pursuant to the Bureau of Prisons ("BOP") rules

and regulations. (*See* Answer at p. 3).

II.     Statement of the Case

Richardson is currently incarcerated at the United States Penitentiary in Florence, Colorado. On July 17, 1993, Richardson was arrested on state weapons charges that were ultimately not prosecuted, but which resulted in Richardson's federal prosecution for violation of 18 U.S.C. § 922(g)(1) for Felon in Possession of a Firearm. (*See* Respondent's Exhibit, "Part B - Response to Administrative Remedy No. 350946-F1" at p. 1 (doc. # 19-4); *see also* Attachment to Traverse). On August 26, 1993, Richardson was sentenced to nine months imprisonment on an unrelated state assault charge. *Id.* On November 30, 1993, Richardson was released on a bond that was subsequently revoked on December 13, 1993. *Id.* Richardson was returned to state custody. *Id.* On March 14, 1994, Richardson received "Time Served" on his 9-month state sentence and was turned over to the custody of the United States Marshals Service. *Id.*

On December 7, 1994, Richardson was sentenced by the United States District Court for the District of Massachusetts to a term of fifteen years imprisonment plus three years supervised release for violation of 18 U.S.C. § 922(g)(1). *Id.* Richardson is presently serving that 15-year sentence. (*See* Respondent's Exhibit, "Sentence Monitoring Computation Data" at p.1) (doc. # 19-3). Richardson's federal sentence was credited 266 days for his pre-sentence time in federal custody between March 16, 1994 and December 7, 1994. *Id.* at 2. Richardson's projected release date is September 22, 2007.[1]

---

[1] Respondent's Answer states that Richardson's projected release date is November 12, 2011. (*See* Answer at p.1). However, Respondent's own attached exhibits seem to indicate that Richardson's projected date of release is actually September 22, 2007. (*See, e.g.,* "Sentence Monitoring Computation Data" at p.1) (doc. # 19-3).

The Petition sets forth one claim, alleging that the BOP has miscalculated Richardson's federal sentence, denying him 45 days credit for time served in state custody from July 17, 1993 through August 26, 1993, and from March 9, 1994 through March 16, 1994.  (Petition at p. 5; Petitioner's Memorandum at pp. 3-4).[2]

III.   Analysis

The decision to allow prior custody credit lies within the discretion of the Attorney General through the BOP.  *See United States v. Edwards*, 960 F.2d 278, 281 (2d Cir. 1992) (under the clear language of Title 18 U.S.C. § 3568 [repealed in 1984 upon enactment of 18 U.S.C. § 3585], the decision whether to allow prior custody credit lies within the discretion of the Attorney General and the BOP), *overruled on other grounds*, 503 U.S. 329 (1992).  Nevertheless, a district court may review the BOP's determination under 28 U.S.C. § 2241.  *See Bennett v. U.S. Parole Commission*, 83 F.3d 324, 327 (10th Cir. 1996) ("[i]n the event of a dispute over the calculation or application of credits by the BOP, the district court has jurisdiction to review that determination if petitioner has exhausted administrative remedies").

Federal sentence computations involve a two-step process: first, under 18 U.S.C. § 3585(a), a determination of the date the sentence commenced; and second, a separate determination of the credit to be awarded for time spent in custody prior to the date of sentencing, governed by 18 U.S.C. § 3585(b).  *See, e.g.*, *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993).

Under 18 U.S.C. § 3585(a), a sentence commences on the date the defendant is

---

[2] Petitioner asserts that for the fourteen days between November 30, 1993 and December 13, 1993, he could not have been on bond because he was serving an active 9-month sentence in state custody.  (*See* Petitioner's Memorandum at p. 7).  However, Petitioner has offered no evidence to support this claim.  In addition, Petitioner's claim requests credit solely for the 45 days accruing from July 17, 1983 to August 26, 1993 and from March 9, 1994 to March 16, 1994.  *Id.*

3

received into federal custody.  A defendant cannot commence serving his sentence prior to the pronouncement of that sentence.  *See United States v. Flores*, 616 F.2d 840 (5th Cir. 1980).  Richardson began serving his sentence for violation of 18 U.S.C. § 922(g)(1) on December 7, 1994.  Any credit to Richardson's federal sentence for his time in custody prior to the sentencing date is governed by 18 U.S.C. § 3585(b) and BOP regulations on sentence calculations.

Under 18 U.S.C. § 3585(b), a defendant may receive prior custody credit on a federal sentence if that time "has not been credited against another sentence."  Thus, there cannot be credit to a defendant's federal sentence for time spent in state custody where the defendant previously received credit on his state sentence for that time.  *See United States v. Wilson,* 503 U.S. 329, 337 (1992) (holding that Congress "made clear that a defendant could not receive a double credit for his detention time); *United States v. Love*, 555 F. Supp. 1041, 1043 (N.D. Cal. 1983) (holding that the defendant could not be awarded credit on federal sentence where he had spent time in federal custody on a writ of *habeas corpus ad prosequendum* because he received state credit for that time).

BOP regulations hold that any sentence imposed by a court for "Time-Served" includes "all time spent in official detention (prior custody time) as a result of the offense for which the sentence was imposed...and cannot be awarded to any other sentence."  Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

Richardson argues that the 45 days between July 17, 1983 and August 26, 1993, and between March 9, 1994 and March 16, 1994, were never credited toward his state sentence. (*See* Petition at pp. 5-6).  Additionally, Richardson argues that even if the 45 days were credited to his state sentence, the credit was improper and should have been credited to his federal sentence.  *Id.* at 5.

4

Richardson received "Time Served" on March 16, 1994 and was turned over to the United States Marshals Service. (*See* Respondent's Exhibit, "Part B - Response to Administrative Remedy No. 350946-F1" at. p. 1) (doc. # 19-4).  This "Time Served" sentence included credit for the 230 days between July 17, 1993 and November 30, 1993 and between December 13, 1993 and March 16, 1994.  *Id.*  The 45 days for which Richardson seeks credit was clearly within the 230-day period credited toward his state sentence.  Consequently, because the time that Richardson spent in official detention prior to his federal sentencing was previously credited to his state sentence, that time may not also be credited to his federal sentence under 18 U.S.C. § 922(g)(1).  *See Jefferson v. United States*, 389 F.2d 385 (2d Cir. 1968) (holding that petitioner was not entitled to credit on his federal sentence when he already received the credit on his state sentence for that time).

Accordingly,

IT IS RECOMMENDED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of

the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 14th day of February, 2007.

BY THE COURT:

　　s/Craig B. Shaffer
United States Magistrate Judge